IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SEAN ALEXANDER HARRIS,                )
                                      )
                    Petitioner,       )
                                      )
        v.                            )         Case No. 25-3133-JWL
                                      )
Warden, FCI-Leavenworth,              )
                                      )
                    Respondent.       )
                                      )
_____  )

## <u>**MEMORANDUM AND ORDER**</u>

Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges the loss of certain credits against his sentence that resulted from a prison disciplinary proceeding. For the reasons set forth below, the Court **denies** the petition.

Petitioner is presently imprisoned within this judicial district, serving a 144-month sentence imposed in 2021 for a federal drug offense. After an investigation, prison officials issued an incident report charging petitioner with a disciplinary violation, based on petitioner's alleged use of another prisoner's cell phone to send text messages to a recipient outside the prison. A hearing was conducted on November 27, 2023, before a Disciplinary Hearing Officer (DHO), at which petitioner admitted having engaged in that conduct; and petitioner was found guilty of the rule violation and received a sanction that included the loss of certain credits. In July 2025, petitioner initiated the present habeas action. Respondent filed a response to the petition, petitioner filed a traverse in support of the petition, and the matter is therefore ripe for ruling.

First, this case is subject to dismissal because petitioner failed to exhaust his available administrative remedies by timely challenging his disciplinary finding. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . ."). Petitioner concedes that he did not complete the steps required to exhaust his remedies in a timely fashion. Petitioner did submit appeals at the regional and national levels, but he did not do so until mid-2025, and thus those appeals were denied as untimely. Thus, petitioner did not avail himself of the available remedies as required.

Petitioner argues that his failure to exhaust should be excused because he delayed his appeal out of a fear of retaliation. The Court rejects that argument. Petitioner has provided no particular facts to support a claim of a credible fear of adverse action if he undertook a timely appeal within the administrative disciplinary structure. Moreover, as respondent notes, petitioner did not pursue his appeal in December 2024, after he had been transferred out of the facility where officials were supposedly threatening retaliation against him – even though in early 2025 he managed to file other administrative grievances and even one habeas case in this Court (concerning a different matter). Because petitioner has not shown that he failed to pursue timely administrative appeals because of a credible fear of retaliation, he has not provided a basis for the Court to excuse his failure to exhaust as required.

In addition, petitioner has not shown that he is entitled to relief on the merits of his petition. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (district court may deny unexhausted habeas claim on the merits). In claiming a due process violation,

petitioner argues that the finding of a violation was not supported by evidence because officials failed to find a phone on his person or in his prison cell.

As the Court has explained in a prior case, if other due process requirements are met, the hearing officer's decision will be upheld if there is "some evidence" to support the decision. *See Garza v. English*, 2018 WL 6570493, at *5 (D. Kan. Dec. 13, 2018) (Lungstrum, J.) (citing *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)).

> The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. A decision to revoke good time credits would only violate due process if the record is devoid of evidence, providing no support for a disciplinary board's decision. The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.
>
> . . .
>
> . . . Ascertaining whether the ["some evidence"] standard is satisfied does not require examination of the entire record, independent assessment of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. The decision can be upheld even if the evidence supporting the decision is meager.

*See id.* at 5-6 (citations and internal quotations and footnote omitted).

In this case, petitioner was certainly afforded due process with respect to the proceeding itself, as a hearing was conducted at which he was entitled to present evidence. Therefore, the Court must uphold the DHO's decision, as there was certainly evidence to support that decision – most significantly, petitioner's admission at the hearing that he had engaged in the prohibited conduct. Petitioner complains that officials were unable to submit the actual device on which he had sent the text messages, as they failed to find a

phone on petitioner's person or in his cell.  Petitioner ignores the fact, however, that the violation found by the hearing officer did not require petitioner's continued possession of a prohibited cell phone, but rather required only the *use* of a phone – and petitioner admitted at the hearing that he used another inmate's phone.

Moreover, in applying the applicable standard, the Court rejects petitioner's argument that his admissions at the hearing were procured by threats by prison officials. Petitioner has not cited any authority suggesting that the Court may disregard such evidence on that basis, and as noted above, the Court is not entitled to weigh or consider the credibility of any particular piece of evidence (including petitioner's own admissions). Nor has petitioner persuaded the Court that the admissions were false, as petitioner made multiple consistent admissions (in the investigation and at the hearing) that he had sent the subject texts; he provided corroborating details (including how he would trade commissary items for the use of another inmate's phone); and he even provided a motive for his actions (he was "pissed off" at the recipient because she had taken petitioner's money).  In addition, even if the admissions could be discounted, there was other evidence obtained during the investigation, including screenshots of the text messages and information from the recipient.  Finally, the Court notes that, in his submissions to this Court, petitioner has not explicitly denied that he sent the text messages at issue.

Accordingly, because the hearing officer's decision was supported by at least some evidence, the Court upholds that decision.  Because petitioner has not shown that his sanction and the resulting loss of credits violated federal law, the Court denies the petition for habeas relief.

4

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 24th day of October, 2025, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

5